NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 24 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GINA DAYANA PRADO-AQUINO;
SARA ELIZABETH HERNANDEZ-
PRADO,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 23-908

Agency Nos. A208-996-755
A208-996-756

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 15, 2024
Pasadena, California

Before: COLLINS, H.A. THOMAS, and JOHNSTONE, Circuit Judges.

Gina Dayana Prado-Aquino and her daughter Sara Elizabeth Hernandez-

Prado, both citizens of Honduras, petition for review of a decision by the Board of

Immigration Appeals ("BIA") affirming the order of the Immigration Judge ("IJ")

denying their applications for asylum, withholding of removal, and protection

under the Convention Against Torture ("Torture Convention").[1]  We have

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

[1] To avoid the further delay in proceedings that would result from receiving a
largely duplicative formal separate application from the daughter, the parties
stipulated on the record, with the IJ's approval, that the daughter would be deemed

jurisdiction under § 242 of the Immigration and Nationality Act, 8 U.S.C. § 1252. We review the agency's legal conclusions de novo and its factual findings for substantial evidence. *See Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020). Under the latter standard, the "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We deny the petition.

1. Petitioners' contention that the BIA violated their due process rights by summarily affirming and adopting the IJ's decision is squarely foreclosed by our decision in *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 851 (9th Cir. 2003) ("Nor is it a due process violation for the BIA to affirm the IJ's decision without issuing an opinion.").

2. Substantial evidence supports the IJ's conclusion that Petitioners failed to establish the requisite nexus between their claimed or feared mistreatment and a protected ground and that, as a result, Petitioners were not entitled to asylum or withholding of removal. *Umana-Escobar v. Garland*, 69 F.4th 544, 551 (9th Cir. 2023) ("A nexus between the harm and a protected ground is a necessary element of asylum and withholding of removal."). On this record, the IJ permissibly found

to have submitted a separate application based on the same factual contentions contained in her mother's application. The daughter was also a derivative beneficiary of her mother's application for asylum. *See Ali v. Ashcroft*, 394 F.3d 780, 782 n.1 (9th Cir. 2005) (stating that, unlike asylum, withholding of removal and relief under the Torture Convention "may not be derivative").

2

that the motivation for the robbery, attempted extortion, and related threats directed at Prado-Aquino and her business was the gang's greed and not any protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Given Prado-Aquino's testimony that other neighbors and businesses were also robbed, we cannot say that the record compels a contrary conclusion to that of the IJ. As to Prado-Aquino's claim of political persecution based on a note left at her home, the IJ properly held that the note's vague remarks did not rise to the level of persecution. *See Villegas Sanchez v. Garland*, 990 F.3d 1173, 1179–80 (9th Cir. 2021) (holding that "vague" and "unfulfilled" threats do not necessarily amount to "persecution"). Although Prado-Aquino argues that the note left at her home should have been viewed with her other claimed harms as together rising to the level of political persecution, that view of the matter is inconsistent with the IJ's permissible conclusion that the robbery, extortion, and threats of violence were motivated by greed rather than politics. Given the IJ's conclusion as to the lack of nexus, Petitioners' requests for asylum and withholding of removal were properly rejected.

3. Substantial evidence also supports the IJ's conclusion that Petitioners failed to show that they were entitled to relief under the Torture Convention. The

IJ noted that Prado-Aquino's testimony made clear that she and her daughter had not been tortured in the past, and the IJ reasonably concluded that Petitioners' evidence concerning the gangs' activities did not establish that Petitioners faced a particularized risk of torture if returned to Honduras. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010).

   **PETITION DENIED.**